UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

CASE NO.: 1:24-cv-3010

DAVID GORDON OPPENHEIMER,

    Plaintiff,

v.

WARNER BROS. DISCOVERY, INC., OMNICOM GROUP INC., and HEARTS & SCIENCE LLC,

    Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

    Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendants WARNER BROS. DISCOVERY, INC., OMNICOM GROUP INC., and HEARTS & SCIENCE, LLC, for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

    1.    Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Oppenheimer's original copyrighted Work of authorship.

    2.    Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his work in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His works

have been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the City of New York.

3. Defendant WARNER BROS. DISCOVERY, INC. ("WBD") is an American multinational mass media and entertainment conglomerate headquartered in New York City. It was formed from WarnerMedia's spin-off by AT&T and merger with Discovery, Inc. on April 8, 2022.

4. Defendant OMNICOM GROUP INC. ("OMG") is an American global media, marketing and corporate communications holding company, headquartered in New York City. OMG's branded networks and specialty firms provide services in four disciplines: advertising, customer relationship management, public relations and specialty services. The services included in these disciplines are media planning and buying, digital and interactive marketing, sports and events marketing, field marketing and brand consultancy. OMG owns the marketing agency Hearts & Science.

5. Defendant HEARTS & SCIENCE, LLC ("HS") is a marketing agency specializing in data and marketing analytics services which, upon information and belief, is owned and operated by Defendant OMG.

6. Defendants WBD, OMG, and HS are collectively referred to herein as "Defendants."

7. Oppenheimer alleges that his copyrighted Work was accessed and copied from the internet by one or all of the Defendants in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with their businesses for purposes of advertising and promoting sales to the public.

**JURISDICTION AND VENUE**

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10. Defendants are subject to personal jurisdiction in New York.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

12. Warner Bros. Discovery, Inc. is a corporation formed and existing under the laws of the state of Delaware, with its principal place of business at 230 Park Avenue South, New York, New York 10003, and can be served by serving its Registered Agent, C T Corporation System at 28 Liberty Street, New York, New York 10005.

13. Omnicom Group Inc. is a corporation formed and existing under the laws of the state of Delaware, with its principal place of business at 195 Broadway, 8th Floor, New York, New York 10007 and can be served by serving its Registered Agent, C/O Omnicom Group Inc. at 437 Madison Avenue, New York, New York 10022.

14. Hearts & Science LLC is a limited liability company formed and existing under the laws of the state of Delaware, with its principal place of business at 195 Broadway, 8th Floor, New York, NY 10007. HS can be served by serving its registered agent, C/O Corporation Service Company, at 80 State Street, Albany, NY 12207.

## THE COPYRIGHTED WORK AT ISSUE

15. In 2012, Oppenheimer created the photograph entitled "*Bonnaroo_Saturday_1_OPP3058.jpg*", which is shown below and referred to herein as the "Work".



16. At the time Oppenheimer created and published the Work, he also applied copyright management information to the Work consisting of a watermark on the bottom-right corner of the Work reading "© 2012 David Oppenheimer," as shown in part here:



(the "Watermark"). Oppenheimer also included copyright management information to the Work in the form of ownership information included in the metadata of the Work (the "Metadata"), and attribution appearing directly next to the Work wherever it was displayed online (the

"Attribution").  The Watermark, the Metadata, and the Attribution will be collectively referred to herein as "Oppenheimer CMI."[1]

17. Oppenheimer registered the Work with the Register of Copyrights on June 13, 2012 and was assigned the registration number VAu 1-102-552.  The Certificate of Registration is attached hereto as **Exhibit 1**.

18. Oppenheimer's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.  The Work in perspective, orientation, positioning, lighting and other details is entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

19. At all relevant times Oppenheimer was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

20. None of the Defendants have ever been licensed to use the Work for any purpose.

21. On a date after the Work was created, but prior to the filing of this action, one or more of the Defendants copied the Work.

22. On or about April 19, 2021, Oppenheimer discovered the unauthorized use of his Work on non-party iSpot.tv's company website page, at https://www.ispot.tv/ad/oGj7/2019-adult-swim-on-the-green-live-coin-quest (attached as **Exhibit 2**, the "Website"), titled "*2019 Adult Swim on the Green TV Commercial 'Live Coin Quest*.'  The Work was included in a video advertisement for non-party Burger King, and also for Adult Swim which is part of the Cartoon Network and owned by WBD (the "Advertisement").

---

[1] The Work is publicly displayed on Oppenheimer's Flickr.com page with the Oppenheimer CMI intact, as can be seen at https://flickr.com/photos/livemusicphotography/8030567848.

23. The Website listed Adult Swim as the advertiser responsible for the Advertisement, and HS as the agency responsible for the Advertisement.

24. Upon information and belief, the Work was reproduced, edited, displayed, and distributed in the Advertisement produced by one or all of the Defendants.

25. Upon information and belief, one or more of the Defendants copied Oppenheimer's copyrighted Work without Oppenheimer's permission.

26. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

27. Oppenheimer never gave any of the Defendants permission or authority to copy, distribute or display the Work at issue in this case.

28. Oppenheimer notified Defendants of the allegations set forth herein on August 1, 2022, with subsequent communication occurring via email. To date, the parties have failed to resolve this matter.

29. When Defendants copied and displayed the Work at issue in this case, one or more of the Defendants removed all of the Oppenheimer CMI from the Work.

30. Oppenheimer never gave Defendants permission or authority to remove any of his copyright management information from the Work.

### COUNT I
### DIRECT COPYRIGHT INFRINGEMENT BY DEFENDANT WBD

31. Oppenheimer incorporates the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Oppenheimer owns a valid copyright in the Work at issue in this case.

33. Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

34. Upon information and belief, and alternatively to Counts II and III below, WBD copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501 through inclusion in the Advertisement.

35. WBD copied, displayed, and distributed Oppenheimer's copyrighted Work in connection with video commercial advertising for Adult Swim and Burger King for purposes of promoting both businesses, and in the course and scope of its business in video production and advertising.

36. After WBD copied the Work, it made further copies, then displayed and distributed the Work to advertise both Adult Swim and Burger King.

37. WBD performed the acts alleged in the course and scope of its business activities.

38. WBD's acts were willful.

39. Oppenheimer has been damaged.

40. The harm caused to Oppenheimer has been irreparable.

## COUNT II
## DIRECT COPYRIGHT INFRINGMENT BY DEFENDANT OMG

41. Oppenheimer incorporates the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

42. Oppenheimer owns a valid copyright in the Work at issue in this case.

43. Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

44. Upon information and belief, and alternatively to Counts I above and III below, OMG copied, displayed, and distributed the Work at issue in this case and distributed the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501 through inclusion in the Advertisement.

45. OMG copied, displayed, and distributed Oppenheimer's copyrighted Work in connection with video commercial advertising for Adult Swim and Burger King for purposes of promoting both businesses, and in the course and scope of its business in video production and advertising..

46. OMG copied and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

47. OMG performed the acts alleged in the course and scope of its business activities.

48. OMG's acts were willful.

49. Oppenheimer has been damaged.

50. The harm caused to Oppenheimer has been irreparable.

## COUNT III
## DIRECT COPYRIGHT INFRINGMENT BY DEFENDANT HS

51. Oppenheimer incorporates the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

52. Oppenheimer owns a valid copyright in the Work at issue in this case.

53. Oppenheimer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

54. Upon information and belief, and alternatively to Counts I and II above, HS copied, displayed, and distributed the Work at issue in this case and distributed the Work without

Oppenheimer's authorization in violation of 17 U.S.C. § 501 through inclusion in the Advertisement.

55. HS copied, displayed, and distributed Oppenheimer's copyrighted Work in connection with video commercial advertising for Adult Swim and Burger King for purposes of promoting both businesses, and in the course and scope of its business in video production and advertising..

56. HS copied and distributed the Work at issue in this case and made derivatives of the Work without Oppenheimer's authorization in violation of 17 U.S.C. § 501.

57. HS performed the acts alleged in the course and scope of its business activities.

58. HS's acts were willful.

59. Oppenheimer has been damaged.

60. The harm caused to Oppenheimer has been irreparable.

## COUNT IV
## VIOLATIONS OF 17 U.S.C. § 1202(b)

61. Oppenheimer incorporates the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

62. The Work at issue in this case contained Oppenheimer's copyright management information, in the form of the Oppenheimer CMI.

63. One or more of the Defendants knowingly and with the intent to enable, conceal, or facilitate copyright infringement, cropped the Work to remove the Watermark, then copied and edited the Work while removing Oppenheimer's Attribution and Metadata in violation of both 17 U.S.C. § 1202(a) and 17 U.S.C. § 1202(b), An approximate comparison between the Work and the cropped version appearing in the Advertisement is shown here:



64. One or more of the Defendants distributed the Work knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

65. One or more of the Defendants committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work.

66. One or more of the Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the Copyright Act.

67. Oppenheimer has been damaged.

68. The harm caused to Oppenheimer has been irreparable.

WHEREFORE, Plaintiff David Gordon Oppenheimer prays for judgment against Defendants Warner Bros. Discovery, Inc., Omnicom Group Inc., and Hearts & Science LLC that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: April 19, 2024              Respectfully submitted,

*/s/ Joseph A. Dunne*
JOSEPH A. DUNNE
NY Bar Number. 4831277
joseph.dunne@sriplaw.com

**SRIPLAW, P.A.**
175 Pearl Street
Third Floor
Brooklyn, NY 11201
332.600.5599 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*